---

## THE RAHWAY SAVINGS INSTITUTION vs. DRAKE AND LAING.

*Bill of interpleader as to moneys deposited in bank by trustee in name of cestui que trust, and demanded by both. Expenses of trust directed to be paid to trustee, and balance to cestui que trust.*

On final hearing on bill and answer.

*Messrs. Stone and Jackson,* for complainants.

*Mr. T. H. Shafer,* for defendant, Reuben Drake.

THE CHANCELLOR.

This is a bill of interpleader. In the year 1865, the defendant, Reuben Drake, deposited in the complainant's bank, a sum of money, in the name and to the credit of his grandson, Theodore C. Laing. This money was the proceeds of a promissory note, made by the father of Laing, and held by the wife of Drake at her decease, which took place in the year 1864. Shortly before her death, Drake's wife requested him to collect the amount of the note and pay it, with the interest which should accrue thereon, to Theodore C. Laing, when he should arrive at lawful age. To this disposition of the proceeds of the note, Drake consented, and promised his wife that her request should be strictly complied with. He accordingly, after her death, proceeded to collect the note, but found it necessary to bring suit for the purpose. To that end, he took out letters of administration upon her estate. After receiving the amount due on the note, he deposited it in the complainant's bank to the credit of Theodore C. Laing,

taking into his own possession the book given to him by the complainants as the evidence of the deposit. He denies that he intended to put the money beyond his own control, or understood that he did so, by depositing it in the name of his grandson, but admits that he intended to secure the money to the latter, and he now expressly acknowledges the trust, but seeks to gain possession of the money, in order that, after retaining the proper expenses of the trust, he may pay over the balance to his grandson, who is of full age. His account, as administrator, has been settled in the Orphans Court of Middlesex county. Theodore C. Laing appears to have called him to account there. On applying to the complainants for the deposit and its accumulations of interest, they refused to pay them to him without Theodore C. Laing's consent, and he, therefore, brought suit against them for the money. The bill alleges, and it is not denied, that Theodore C. Laing also, at the time of filing the bill, threatened to bring suit against the complainants for the money. The complainants filed their bill of interpleader against Drake and his grandson. Drake alone has answered. The bill is taken as confessed, as against the grandson. The right of the complainants to require the defendants to interplead, is not disputed. Drake not only raises no question as to the trust in favor of his grandson, but waiving all questions, declares his desire to pay over to the latter the balance which will remain, after deducting the expenses of the trust. These expenses consist entirely of the cost of the administration, amounting, as appears by the final account as settled in the Orphans Court, to $64.14. He is entitled to have them. There will be a decree, that he receive out of the deposit and its accumulations which have been paid into court, the amount of those expenses as above stated, with his costs of this suit, and that the complainants' costs be paid out of the fund, and that, on Theodore C. Laing's executing to Drake a proper discharge, the balance be paid over to him.